### Guy C. Meskimen, Appellee, v. Ambraw Gas Company, Appellant.

1. NEGLIGENCE—*street obstruction left by gas company.* In an action for injuries sustained by being thrown out of a buggy, as a result of a T extending from a gas pipe and left bare as a result of street grading, catching a wheel, a verdict against defendant gas company, is justifiable where the evidence, although conflicting, tends to show that the company knew of the condition of such pipe and that although the plaintiff also knowing thereof, was driving at a rapid rate, he was driving in the track where others had driven.

2. DAMAGES—*when not excessive for personal injuries.* A judgment for $400 for personal injuries is not excessive, where it appears that plaintiff suffered severely from his injury, that his arm was in a sling, that he was kept from business for three or four weeks, that the injury might be a permanent one, that although two and one-half years had expired, he could not fully straighten his left arm, and that $35.00 had been expended for physicians' services.

Appeal from the Circuit Court of Lawrence county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed June 5, 1912.

McGAUGHEY & TOHILL, for appellant.

GEE & BARNES, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is a suit brought by appellee to recover damages for personal injuries received by him and alleged to have been caused by the negligence of appellant.

There was a verdict in favor of appellee for $750.00, a *remittitur* entered by him for $350.00 and a judgment for $400.00.

The only reasons presented by appellant for the reversal of this judgment are that appellee was shown by the evidence to have been guilty of contributory negligence, which would prevent a recovery and that the amount of the verdict is excessive.

Appellee, a veterinary surgeon, lived on the south side of Locust street in Lawrenceville, Illinois. Appellant, a corporation, was engaged in supplying natural gas to consumers in said city for light and heating purposes and had one of its gas mains laid along the south side of Locust street. This street was thirty to forty feet wide with a sidewalk on each side and the gas pipe which was laid some ten or eleven feet from the center of the street, was at the time of the injury in what was then the traveled track. West of appellee's barn, some five hundred feet, was the barn of the DuPont Powder Company, and about half way between them was a T with a plug in it, extending out on the south side of the pipe, an inch and three quarters. This pipe had been laid in the ground in the fall or early winter of 1908, but sometime during the month of May, 1909, employes of the city, working the street with a grader, had cut down to it and left it bare. Appellant had been notified that the line was exposed at the point in question, but it was not shown what steps, if any, it took to relay or recover the pipe. It did appear, however, that at the time of the injury it was uncovered for from twenty-five to forty feet in the locality of the T above mentioned. At the T itself, the pipe extended 5½ inches above the ground and it had been in this condition for several weeks.

On the morning of July 4, 1909, while appellee was engaged in driving his horse attached to a buggy, back and forth on said street, between his barn and that of the Du Pont Powder Company, and going at a somewhat rapid gait, the felloe of one of the hind wheels caught on the T, wrecking the wheel, breaking the shaft and injuring the horse and harness. At the same time appellee was thrown out of the buggy with such violence that his left arm and side were skinned and severely bruised and his shoulder blade seriously injured. Appellee suffered pain and a severe nervous shock, was lame for several weeks and expended $35.00 for physicians' services.

Appellee testified that he did not know the T was liable to catch his wheel; that others had been driven in the same track and had not been caught.

On the other hand there was evidence on the part of appellant tending to show that appellee knew the T extending from the exposed pipe formed a dangerous obstacle to travel, and with such knowledge sought to drive by it at a very fast gait. The treasurer of appellant testified, that after the accident, appellee said to him, "I saw that thing sticking out there; I wondered if it would catch the wheel and sure enough it did." Appellee's explanation of this remark was, that at the time he referred to, he was so close to the T that he could not stop.

The jury were properly instructed, that appellee could not recover unless he established by a preponderance of the evidence, that at the time of the injury he was in the exercise of ordinary care and caution for his own safety, so it must be presumed that the subject was considered by them. The evidence upon this matter was conflicting but the question was one for the jury. The instructions of the court properly defined the law applicable to it and the solution of the problem arrived at by the jury does not appear to us an unreasonable one.

In regard to the amount of the judgment, it was

shown by the proofs, that appellee suffered severely from his injury, that his arm was in a sling, and he was kept from his business three or four weeks; that there was some evidence tending to show the injury might be a permanent one; that at the time of the trial, some two and one-half years after the injury was received, appellee could not fully straighten his left arm.

When this evidence is considered together with the fact that he paid his physicians $35.00 for their services, our conclusion is that the judgment of $400.00 entered in this cause is not excessive.

The judgment of the court below will be affirmed.

*Judgment affirmed.*